UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUNICE L. PARQUET,

    Plaintiff(s),

vs.

ALAMEDA COUNTY SHERIFF DEPARTMENT, et al.,

    Defendant(s).
_____/

Case No. 09-2050 MHP

**ORDER DENYING IN FORMA PAUPERIS FILING AND DISMISSING COMPLAINT**

    Plaintiff files this complaint against the Alameda County Sheriff Department, "County Fire" and "A.M.R.". Presumably "County Fire" refers to the Alameda County Fire Department, if there is such an entity; it is not at all clear who "A.M.R." is. While plaintiff's complaint is a short and plain statement, it is anything but clear. Plaintiff states she was "forced to go to the hospotal [sic] and waited 6 hour without medication our property was stolen and they cause more pain and suffering beyon [sic] that of my injuries". Complt. at p.2. That is the sole allegation made in the complaint which seeks $20 million in damages.

    The complaint does not state any claim against any specific defendant and it fails to allege any basis for federal jurisdiction. The court cannot determine whether this is a claim for damages under state law, which, if so, is not within the court's diversity jurisdiction, and no diversity allegations are made. Nor are any allegations made with respect to federal question. Thus, there is nothing on the face of the complaint to find any basis for this court's jurisdiction. And, there is no basis for determining on what theory plaintiff is claiming she is entitled to damages.

    The court notes also that this is not plaintiff's first foray into federal court. Court records show that she has filed seventeen (17) actions in this court, three of them this year and one other on

1

1  the very same day this action was filed.

2      Plaintiff also applies for *in forma pauperis* status. The district court may deny *in forma pauperis* status and dismiss a complaint *sua sponte* if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory), see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000).

9      Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

13     Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992)(also found superseded in that dismissal was within discretion of district court under section 1915(d)) and now, under section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202 F.3d at 596. If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give him or her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

21     There being nothing on the face of the complaint that invokes this court's jurisdiction, the application to file *in forma pauperis* is DENIED and the complaint is DISMISSED.

23     IT IS SO ORDERED.

Date: May 14, 2009

MARILYN HALL PATEL
Judge, United States District Court
Northern District of California

2